TACKETT, Appellant, v. SKUNK et al, Respondents.

(210 N. W. 198.)

(File No. 5691.   Opinion filed October 11, 1926.)

**1.   Quieting Title—Evidence.**

In action to determine claims to land it was not error to exclude evidence of consideration paid by defendant for deed which court held subject to plaintiff's contract of purchase.

**2.   Appeal and Error.**

In action by purchaser against grantee of his vendor to determine adverse claims, finding as to amount unpaid on contract, supported by evidence, will not be disturbed.

**3.   Vendor and Purchaser.**

Where vendor after contracting to sell to plaintiff conveyed land to defendant, any payment made on contract by plaintiff after he had notice of defendant's title was made at his peril.

---

Note.—See, Headnote, **(1)**, American Key-Numbered Digest, Quieting title, Key-No. 44(2), 32 Cyc. 1370, Appeal and error, 4 C. J. Sec. 3004; **(2)** Appeal and error, Key-No. 1010(1), 4 C. J. Sec. 2869; **(3)** Vendor and purchaser, Key-No. 179, 39 Cyc. 1601 (Anno).

Appeal from Circuit Court, Corson County; HON. W. F. EDDY, Judge.

Action by W. H. Tackett against Isaac Skunk and another. Judgment for plaintiff, and he appeals. Affirmed.

*A. A. Brown,* of Mobridge, for Appellant.

*Morrison & Skaug,* of Mobridge, for Respondents.

MORIARTY, C. The appellant brought this action to determine claims to a section of land in Corson county. In his complaint he alleges that on November 3, 1922, he bought the land in controversy from one Isaac Skunk, an Indian, taking a written contract and paying $100 at the time the contract was entered into and an additional $100 between that date and November 10, 1922. He further alleges that on November 10, 1922, Isaac Skunk executed a warranty deed conveying the land to the respondent E. W. Rugg, and he asks that Rugg's title be declared subject to his rights under the contract, and he tenders to be delivered into court the amount which remains unpaid on his contract, the same to be paid to whomsoever the court shall determine to be entitled thereto.

Respondent in his answer contends that appellant's contract made with the defendant Isaac Skunk is void and that respondent had no notice of said contract when he accepted the deed from said Isaac Skunk, and that the title conveyed to him by said deed is not subject to appellant's said contract. Appellant's contract was put in evidence, and shows the agreed purchase price of the land to be $3,000. The trial court found this contract to be valid; that respondent Rugg had actual notice of the contract at the time he accepted the deed from Isaac Skunk, and that this deed was in effect only an assignment of the grantor's rights under the contract. The court found that the sum remaining due from appellant on his purchase contract is $2,800, and decreed that upon deposit of that amount with the clerk of the trial court the respondent shall deposit with said clerk, for delivery to the appellant, a deed of the land.

Appellant's assignments of error raise only two contentions, viz., that the court erred in sustaining objections to inquiries as to the consideration paid by Rugg for the deed from Skunk, and that the court erred in finding that $2,800 remained unpaid on the appellant's contract.

[1] Skunk was served with the summons and complaint in the action, but he made no appearance. As the court found that Rugg took subject to appellant's contract, and that Rugg's deed operated as a mere assignment of the vendor's rights, there could be no prejudice to appellant in excluding evidence of the actual consideration for the deed.

[2]   The trial court's finding that $2,800 remained unpaid on the contract is supported by evidence and should not be disturbed. It is true that appellant testified as to other payments made by him to Skunk, but they were made after the deed to Rugg had been recorded, and after appellant had actual notice of the deed.

[3]   Appellant made at his own peril any payments made to Skunk, or upon Skunk's order, after appellant had notice that Rugg held the legal title to the land.

In point of fact the trial court gave the appellant credit with all payments alleged in his complaint. Appellant takes this appeal from a judgment giving him all that his complaint asks for, and no amendment of that complaint was ever made, nor does the record show that the right to amend was ever asked for.

The judgment and order appealed from are affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.